UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EARL C. SIMPSON, III, :
   *Petitioner*, :
                               :
v. : Case No. 3:20-cv-1892 (SVN)
                               :
WARDEN KENNETH BUTRICKS, :
   *Respondent*. :

## **ORDER**

      Petitioner, Earl C. Simpson, III, is currently confined at Cheshire Correctional Institution. He filed this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his September 9, 2014, convictions for one count of felony murder in violation of Connecticut General Statutes §§ 53a-54c and 53a-8; one count of murder as an accessory in violation of Connecticut General Statutes §§ 53a-54a(a) and 53a-8; one count of robbery or attempt to commit robbery in the first degree in violation of Connecticut General Statutes § 53a-134(a)(1); and one count of violation of probation in violation of Connecticut General Statutes § 53a-82. *See* Pet. Writ Habeas Corpus, ECF No. 1, at 1. On December 19, 2014, a judge imposed a total effective sentence of thirty-two and one-half years of imprisonment. *Id.*

      Petitioner appealed his convictions and sentence. *Id.* at 2. On November 1, 2016, the Connecticut Appellate Court reversed Petitioner's conviction on the ground that the trial court had abused its discretion by failing to conduct (1) an evidentiary hearing on Petitioner's motion to withdraw his plea, and (2) an adequate inquiry into the defendant's request for new counsel. *Id.* at 2; Ex. A & B, ECF No. 1, at 23-41 (citing *State v. Simpson*, 169 Conn. App. 168, 171-72, 150 A.3d 699, 703 (2016)). The State of Connecticut sought review of the decision of the Connecticut Appellate Court. On November 1, 2016, the Connecticut Supreme Court granted

the State's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issues: (1) "Did the Appellate Court properly conclude that the trial court erred in failing to conduct a hearing on the defendant's motion to withdraw his plea?" and (2) "Did the Appellate Court properly conclude that the trial court erred in failing to conduct a hearing on the defendant's request for new counsel?" *State v. Simpson*, 324 Conn. 904, 151 A.3d 1289 (2016). On August 21, 2018, the Connecticut Supreme Court reversed the decision of the Connecticut Appellate Court and remanded the case to that court with direction to affirm the judgment of the trial court. *See* Pet. Writ Habeas Corpus, ECF No. 1, at 2-3, 41 (citing *State v. Simpson*, 329 Conn. 820, 824, 845, 189 A.3d 1215, 1218-19, 1230 (2018)).

As an initial matter, the petition is not filed on this Court's Section 2254 petition for a writ of habeas corpus form, which is available on the District of Connecticut website under "Prisoner Forms" under the title "Application for a Writ of Habeas Corpus - 2254." Because Local Rule 8(b) requires that petitions for writ of habeas corpus be filed on the appropriate Court form, the petition is deficient.[1]

In addition, the petition does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. This rule provides that a "petition must: (1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5)

---

[1] The Court notes that the petition is not signed by Petitioner. *See* ECF No. 1 at 15. In fact, Petitioner's mother signed the petition as if she was Petitioner. She explained that she signed Petitioner's name because the facility in which Petitioner was confined was locked down due to COVID-19. Section 2242 of Title 28 of the United States Code permits a person acting on behalf of a petitioner filing a habeas petition to sign and verify the petition. Thus, under this statute it would have been permissible for Petitioner's mother to sign her own name on behalf of Petitioner rather than signing Petitioner's name as if she was Petitioner. Given the explanation provided by Petitioner's mother, it is evident that she attempted to comply with 28 U.S.C. § 2242 in signing the habeas petition as Petitioner.

be signed under penalty of perjury." Petitioner includes no grounds in the present petition. *See* ECF No. 1 at 5-13. Instead, he attaches forty-eight paragraphs of "facts" in support of "each raised ground in th[e] petition for relief from the conviction or sentence." *Id.* at 16-22. The paragraphs of "facts" appear to include the grounds raised by Petitioner on direct appeal of his convictions and sentence as well as several other grounds, including that his counsel was ineffective; that his guilty plea was involuntary; and that there was insufficient evidence to support his convictions, none of which appear to have been raised on direct appeal. Petitioner also includes facts about restrictive, unsanitary, and unhealthy conditions of confinement that he experienced due to COVID-19 during his confinement at Cheshire prior to filing the petition.

Federal courts are limited to reviewing claims that a state conviction was obtained in violation of some right guaranteed by the United States Constitution or other federal law. *See* 28 U.S.C. § 2254(a) (federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). In addition, a prerequisite to habeas relief under Section 2254 is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court (including a state supreme court with powers of discretionary review)," if it "alert[s] that court to the federal nature of the claim." *Baldwin v.*

3

*Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32 (internal quotation marks omitted). Other than the claims that Petitioner raised on direct appeal from his conviction, he does not allege that he filed any other petitions or motions in state court to exhaust any additional claims that he may be asserting in the paragraphs of facts submitted in support of the petition.

Accordingly, the Court orders Petitioner to file an amended petition on the Court's Section 2254 form. The amended petition must clearly and concisely state each ground for relief and the facts in support of each ground. In addition, Petitioner must indicate whether he exhausted each ground by raising it on direct appeal or in a state habeas petition or other collateral motion or proceeding in state court in the spaces provided on the form.

Petitioner must also address whether the petition was filed in a timely manner in response to question 27 on the habeas form. *See* 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a state court judgment of conviction). A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

>  (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period may be tolled for the period "during which a properly filed" state habeas petition or other motion, application, or petition for collateral review "is pending."  *See* 28 U.S.C. § 2244(d)(2).  It is apparent based on the date of the Connecticut Supreme Court's decision, August 21, 2018, reversing the decision of the Connecticut Appellate Court, that the present petition may be time-barred because it is dated and was filed over two years after that date.

## Conclusion

The Court directs Petitioner to file an amended petition on a Section 2254 court form within thirty (30) days from the date of this Order.  **The Clerk is directed to send Petitioner: (1) a copy of this Order; (2) a copy of the Petition for Writ of Habeas Corpus, ECF No. 1; and (3) a blank Section 2254 Habeas Corpus Petition form.**  If Petitioner seeks assistance in filing the amended petition for writ of habeas corpus, he may contact the Inmate Legal Assistance Program.

If Petitioner chooses not to file an amended petition within the time specified, the case will be dismissed without further notice from the Court.

SO ORDERED at Hartford, Connecticut this 15th day of December, 2021.

/s/ Sarala V. Nagala
Sarala V. Nagala
United States District Judge