UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL C. SIMPSON, III,<br>*Petitioner*, | )<br>)<br>) | 3:20-CV-1892 (SVN) |
| v. | )<br>) | |
| KENNETH BUTRICKS,<br>*Respondent*. | )<br>)<br>) | July 7, 2022 |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Petitioner Earl Simpson, III, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that the state trial court abused its discretion in accepting Petitioner's guilty plea to murder because it was not given knowingly and voluntarily and in later denying Petitioner's motion to withdraw that plea. Petitioner also claims he was deprived of his constitutional right to counsel. Respondent has moved to dismiss the petition as untimely filed and, in the alternative, for failure to exhaust remedies in state court. For the reasons discussed below, the Court grants Respondent's motion to dismiss the Petition because it was untimely filed.

I.  **FACTUAL BACKGROUND**

  A.  The Underlying Case

Petitioner's conviction stems from the fatal shooting of a 26-year-old man in New Haven, Connecticut, on July 9, 2011. Petitioner entered a guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to murder as an accessory on September 19, 2014. According to the Connecticut Appellate Court's and Connecticut Supreme Court's decisions in Petitioner's direct appeal, the prosecutor described the evidence supporting Petitioner's conviction as including: a witness statement providing that Petitioner and another individual, Cody Franklin, had run into the witness's apartment after the shooting, that Franklin said he had just shot someone, that Petitioner

had offered the witness marijuana in exchange for her not disclosing that Petitioner and Franklin had been in her apartment, and that Petitioner's sister picked Petitioner and Franklin up from the apartment; a witness statement providing that the witness had seen Franklin shoot the victim and that Petitioner was with Franklin at the time; ballistics evidence consistent with there being two shooters; and Petitioner's admission that he was one of the shooters in an interview with law enforcement. *State v. Simpson*, 150 A.3d 699, 704 (Conn. App. Ct. 2016), *rev'd*, 189 A.3d 1215, 1219–20 (Conn. 2018).

During his guilty plea hearing on September 19, 2014, Petitioner was canvassed about whether he was under the influence of any alcohol, drugs, or medication; whether he had had sufficient opportunity to discuss his plea with counsel; whether he was satisfied about counsel's advice; whether he was entering his plea voluntarily; and whether he understood the trial rights he would be giving up if he pleaded guilty. *Simpson*, 189 A.3d at 1220. Petitioner confirmed that he understood the nature of an *Alford* plea and the agreement he had entered into with the prosecution that his sentence would be 32.5 years' imprisonment, with 25 of those years imposed as a mandatory minimum punishment. *Id.* The trial court ultimately accepted the plea, finding that it was "understandably made with the assistance of competent counsel." *Id.*

By way of a handwritten letter dated October 27, 2014, Petitioner made the first of several attempts to withdraw his plea and obtain a new attorney. *Id.* Petitioner claimed primarily that he was not guilty and that he received ineffective assistance of counsel. *Id.* at 1220–21. The trial court denied Petitioner's requests and imposed a sentence of 32.5 years' imprisonment. *Id.* at 1223.

Petitioner appealed, claiming that the trial court abused its discretion by denying his motion to withdraw his guilty plea and, alternatively, that the trial court failed to conduct the requisite

evidentiary hearing on that motion. *Id.* Petitioner also argued that the trial court erred in failing to inquire about his complaints about his counsel. *Id.* The Connecticut Appellate Court agreed with Petitioner that an evidentiary hearing was warranted and reversed the judgment of the trial court. *Id.* at 1224.

The Connecticut Supreme Court then certified the appeal. On August 21, 2018, it issued a decision reversing the Appellate Court's ruling, holding that the trial court did not need to conduct an evidentiary hearing on Petitioner's motion to withdraw his plea; that the hearing the trial court held was adequate; and that the trial court did not abuse its discretion in failing to inquire about Petitioner's complaints regarding his counsel because those complaints were "not substantial." *Id.* at 1226–29. The judgment of the trial court was thus affirmed. *Id.* at 1230. Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court and has not filed any state habeas actions to date. *See* Amended Petition, ECF No. 11, at 4, 10–17.

      B.   The Present Habeas Petition

Petitioner filed the instant habeas petition on December 18, 2020, *see* ECF No. 1. The case was transferred to the undersigned in November of 2021. Because the original petition was deficient in several technical respects, the Court directed Petitioner to file an amended petition if he wished to pursue his case. ECF No. 10. Petitioner did so on January 11, 2022. ECF No. 11.

The claims raised in the Amended Petition echo Petitioner's direct appeal and relate to whether Petitioner's guilty plea was knowing and voluntary; whether the trial court improperly denied Petitioner's motion to withdraw his plea; and whether Petitioner was denied his right to counsel. *See id.* In response to the question about the timeliness of the Amended Petition, Petitioner noted that he was "never told" by his attorney about the time limitations that apply to habeas petitions and that the COVID-19 pandemic limited his ability to access law libraries to

learn about the deadline. *Id.* at 20.  He further noted that he has been on mental health medications that have him "not in the right state of mind to handle" filing by the deadline.  *Id.*

Respondent has now moved to dismiss the Amended Petition as untimely filed.  In the alternative, Respondent argues that Petitioner has failed to exhaust his state remedies.  Petitioner did not file a response to Respondent's motion.

## II. DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law, however, imposes stringent time limitations for prisoners to seek federal habeas corpus relief.  Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a prisoner's state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).  In the ordinary course, a state court conviction becomes "final" at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court from which a petitioner might seek review has denied relief or, if he has not sought such further review, the date when the time for seeking such higher court review has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).  This time constraint "promotes judicial efficiency and conservation of judicial resources," and "safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh." *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

In this case, it is clear that Petitioner filed the original deficient petition far beyond the one-year statute of limitations.[1] The Connecticut Supreme Court issued its opinion in Petitioner's direct appeal on August 21, 2018. Petitioner had 90 days from that date to file a petition for writ of *certiorari* with the United States Supreme Court, but he did not do so. While the filing of a state habeas action might have extended that deadline, Petitioner did not file any state habeas actions or seek any other post-conviction relief prior to filing the instant action. Thus, the filing deadline for Petitioner's habeas petition was November 19, 2019. Petitioner's December 18, 2020, Petition in the instant case is therefore untimely.

The one-year limitations period governing habeas corpus petitions may, however, be equitably tolled in "extraordinary or exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000). To equitably toll the limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he was pursuing his rights diligently during the entire period he seeks to have tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Harper v. Ecole*, 648 F.3d 132, 134 (2d Cir. 2011). In addition, a petitioner must demonstrate that the extraordinary circumstances caused him to miss the original filing deadline. *Harper*, 648 F.3d at 137.

The Court is unable to find, on the present record, that extraordinary or exceptional circumstances exist to equitably toll the limitations period. Petitioner contends that he was never informed of the one-year filing deadline by his counsel. But Petitioner's ignorance of the law does not rise to the level of an extraordinary circumstance justifying the lengthy delay in filing at issue here. *See, e.g.*, *Thomas v. Unger*, No. 06-CV-6578 (NG), 2007 WL 539039, at *2 (E.D.N.Y. Feb.

---

[1] The Court assumes, without deciding, that the filing date of the original petition (December 18, 2020) is the relevant filing date here. *See Belot v. Burge*, 490 F.3d 201, 207–08 (2d Cir. 2007) (suggesting that filing date of unpolished and incomplete petition should be considered the relevant filing date for statute of limitations purposes).

15, 2007) (holding that petitioner's arguments that he was ignorant of the law and had to rely on other inmates for help, that he lacked education, and that he had difficulties in obtaining court records and receiving mail at the prison facility, were not "extraordinary," as they apply to most inmates); *Cox v. Edwards*, No. 02 Civ. 7067 (RWS), 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003) ("it is well-settled that 'ignorance of the law' does not entitle a petitioner to equitable tolling"); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) ("Petitioner's further assertions—that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library—also are not extraordinary circumstances that warrant equitable tolling for the extended period of delay in this case.").

Likewise, Petitioner's arguments that the COVID-19 pandemic has resulted in lockdowns that have limited access to law libraries fail to justify equitable tolling.  First, as noted in the cases above, limited access to legal resources does not constitute an extraordinary circumstance. Moreover, the COVID-19 pandemic did not begin in earnest until March of 2020 and cannot serve to justify any filing delay between November of 2018 and November of 2019, when the one-year deadline expired.

Finally, Petitioner's vague reference to being on mental health medication is insufficient to meet the equitable tolling threshold.  While a medical condition, "whether physical or psychiatric, can manifest extraordinary circumstances," *see Harper*, 648 F.3d at 137, Petitioner has not carried his burden of establishing "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010).  Petitioner's references to being diagnosed with attention deficit hyperactivity disorder and being a special education student, *see*

6

ECF No. 11 at 23, 30, are insufficiently particular and, in any event, do not appear to rise to the level of an extraordinary circumstance.

In addition to failing to establish extraordinary circumstances warranting equitable tolling, Petitioner has not demonstrated that he was diligent in attempting to exercise his rights during the more than one-year period he seeks to have tolled, as is required for a finding of equitable tolling. *Harper*, 648 F.3d at 138–39.

Therefore, the Petition is untimely and Respondent's motion to dismiss is granted. Given this ruling, the Court need not reach the issue of whether Petitioner has exhausted available state court remedies.

### III.   CONCLUSION

Because Petitioner's habeas petition was untimely filed, the Court grants Respondent's motion to dismiss. The Clerk is directed to enter judgment in favor of Respondent and close the case.

**SO ORDERED** at Hartford, Connecticut, this 7th day of July, 2022.

                         /s/ Sarala V. Nagala
                         SARALA V. NAGALA
                         UNITED STATES DISTRICT JUDGE